880

Manuel Rubio Meléndez, Petitioner and Appellee, v. Board of Examiners of Engineers, Architects, and Surveyors, Respondent and Appellant.

No. 6306. Argued November 22, 1934.—Decided January 18, 1935.

*Banjamin J. Horton, Attorney General,* and *Tomás Torres Pérez, Assistant Attorney General,* for appellant. *Armando A. Miranda* for appellee.

Mr. Justice Aldrey delivered the opinion of the Court.

The Board of Examiners of Engineers, Architects, and Surveyors took this appeal from an order of the District Court of San Juan vacating its order of November 12, 1930, revoking an architect's license issued in favor of Manuel Rubio Meléndez on April 11, 1928.

Act No. 31 of 1927 (Session Laws, p. 182) which created said board, provides in Section eleven that said organization shall issue licenses for the exercise of the profession of engineer, architect or surveyor to any person requesting it and who has been in the exercise of any of those professions for a period of not less than three years prior to the date of the passing of said act; and that, unless there exists evidence to the contrary, the board shall accept as satisfactory evidence the verified declaration of the appellant to the effect that he has exercised his profession for a period of three years. In accordance with this provision of law, the aforesaid board granted an architect's license to Manuel Rubio Meléndez.

This statute further provides in Section 12, that the board shall have the power to cancel any of the licenses issued to any person once it has been proved that he practiced a fraud in obtaining said license.

Two years after the license was issued to the appellee, he was summoned by the board to appear before it on a given date to show cause why the architect's license issued to him should not be canceled, since the board has been informed of facts which show that he took advantage of the good faith of said organization, and that should he fail to appear his license would be canceled.

Manuel Rubio Meléndez appeared before the board on the day set for it. He was not informed then or before of the facts that, according to the board, tended to show that he had taken advantage of said organization upon requesting the license that was issued to him, that he might defend. The investigation then practiced by the board consisted in questions put to the appellee as to whether he had erected a certain house which appeared in a plan, to which he answered in the affirmative; and as to the required thickness of cement walls and the number of rods needed for such walls and for concrete slabs. Thereafter the board rendered a decision canceling the license it had issued to the appellee authorizing him to work as an architect, and the aggrieved party filed this petition in mandamus before the District Court of San Juan. The said court, after hearing both parties, ordered the board to vacate the decision canceling the license.

We do not know of the fraudulent acts committed by the appellee to secure from the board the extension of the architect's license, because such acts do not appear from the letter summoning him nor from the investigation practiced by the board, which consisted of his testimony. Perhaps, we do not assert it, his answers show a slight knowledge of architecture but that does not prove that he committed a fraud

in order to secure his license. Furthermore, fraud is not presumed and he who alleges it must prove it. For this reason, when the board wishes to exercise the right granted it by law to cancel a license obtained by fraud, it must lay bare the facts to the owner of the license that he may defend of such charges, and must prove them. It does not suffice to state generally that the board has notice that advantage has been taken of its good faith. It should have set forth and proved the facts constituting the fraud and did not do it.

The judgment appealed from should be affirmed.